# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT M. FLANAGAN, JR. | § | |
| | § | |
| V. | § | CASE NO. 4:09CV44 |
| | § | (Judge Schneider/Judge Mazzant) |
| | § | |
| WELLS FARGO FINANCIAL | § | |
| NATIONAL BANK | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Plaintiff's Objection to and Motion to Strike Defendant's Designation of Responsible Third Parties (Dkt. #35) and Plaintiff's Motion to Sever (Dkt. # 34). After considering the relevant pleadings, the Court is of the opinion that the motions should be denied.

Plaintiff, Robert Flanagan, Jr., filed suit in state court on December 29, 2008, in the 401st Judicial District of Collin County, Texas, against Defendant, Wells Fargo Financial National Bank. On February 2, 2009, Defendant filed its Notice of Removal on the grounds that there was federal question and diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332.[1]

This dispute arises out of Defendant's handling of a credit card account that was in Plaintiff's name. Plaintiff asserts that the account was fraudulently obtained. Plaintiff filed suit asserting that Defendant's unreasonable collection efforts caused him damages. Plaintiff asserts claims for violations of the Texas Debt Collections Practices Act, Fair Debt Collections Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), libel, intentional infliction of emotional distress, malice, negligence and gross negligence.

On April 30, 2009, Defendant filed its third-party complaint against Karin Flanagan and

---

[1] On May 2, 2009, the Court denied Plaintiff's first amended motion to remand.

Robert M. Flanagan, Sr. and designation of responsible third parties.  Defendant asserts that Karin

Flanagan opened the account at issue without Plaintiff's knowledge, permission or authorization.

Defendant asserts that Karin Flanagan may be liable to Defendant for all or part of Plaintiff's claims

against Defendant.  Defendant further asserts that Plaintiff's father, Robert M. Flanagan, Sr.'s, date

of birth and address were used in the account application and that he may be responsible for all or

part of Plaintiff's claims against Defendant.  Defendant asserts claims of fraud, fraud in the

inducement, conversion, quantum meruit and unjust enrichment against Karin Flanagan and Robert

M. Flanagan, Sr.

*Plaintiff's Objection to and Motion to Strike Defendant's Designation of Responsible Third Parties*

On May 7, 2009, Plaintiff filed his Objection to and Motion to Strike Defendant's

Designation of Responsible Third Parties.  On May 22, 2009, Defendant filed a response.

Texas Civil Practices and Remedies Code § 33.004 provides that "[a] defendant may seek

to designate a person as a responsible third party by filing a motion for leave to designate that person

as a responsible third party."  Tex. Civ. Prac. & Rem. Code § 33.004(a).  Leave should be granted

unless another party files an objection to the designation.  Tex. Civ. Prac. & Rem. Code § 33.004(f).

If an objection is filed, the court should allow the designation unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of
> the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure;
> and (2) after having been granted leave to replead, the defendant failed to plead
> sufficient facts concerning the alleged responsibility of the person to satisfy the
> pleading requirements of the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code § 33.004(g).

A responsible third party is defined as follows:

> [a]ny person who is alleged to have caused or contributed to causing in any way the
> harm for which recovery of damages is sought, whether by negligent act or omission,
> by any defective or unreasonably dangerous product, by other conduct or activity that

violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

Tex. Civ. Prac. & Rem. Code § 33.0011(6).

Federal Rule of Civil Procedure 8 provides for the minimum requirements for pleadings, and is considered notice pleadings. Rule 8 provides that "[a] pleading...shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief..." Federal Rule of Civil Procedure 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."

Plaintiff asserts that Karin Flanagan and Robert M. Flanagan, Sr. are not responsible third parties within the meaning of Texas Civil Practices and Remedies Code § 33.011(6). Plaintiff asserts that his claims are related to Defendant's unreasonable collection efforts and its knowing and intentional reporting of false information concerning Plaintiff's credit rating to various credit reporting agencies. Plaintiff further asserts that there is no connection between his claims against Defendant and Defendant's claims against Karin Flanagan and Robert M. Flanagan, Sr.

Defendant asserts that the third party complaint meets the requirements of Rules 8 and 9(b). Defendant asserts that on or about June 3, 2008, a Home Projects Visa Credit Card Account Application was completed naming Plaintiff as the applicant and listing Plaintiff's Social Security number. DEF. THIRD PARTY COMPL. at ¶ 9. The address and date of birth used in the application belonged to Plaintiff's father, Robert M. Flanagan, Sr. DEF. THIRD PARTY COMPL. at ¶ 10. Defendant paid $4,870 for goods and services provided in connection with the account. Defendant has never received a payment on the account. DEF. THIRD PARTY COMPL. at ¶ 11. On or about July 21, 2008, Plaintiff contacted Defendant to report that the account was opened fraudulently and stated that Karin Flanagan was the suspect. Defendant advised Plaintiff that for it to consider and

3

investigate the fraud claim, Plaintiff needed to file a police report and complete an affidavit of ID theft naming Karin Flanagan as the suspect. DEF. THIRD PARTY COMPL. at ¶ 13.

On August 12, 2008, Plaintiff filed a police report but did not name Karin Flanagan as a suspect. After being informed by Defendant that the fraud claim would not be considered without evidence that Plaintiff had filed a police report naming Karin Flanagan as the suspect, Plaintiff revised the police report on October 1, 2008, naming her as a suspect. However, on the affidavit of ID theft, Plaintiff indicated that he was unwilling to prosecute her. Based upon this information, Defendant determined that this was a civil domestic matter and denied Plaintiff's fraud claim. DEF. THIRD PARTY COMPL. at ¶ 14.

Defendant further asserts that Karin Flanagan falsely represented to Defendant either that she was Plaintiff and/or that she had the authority to complete the application on his behalf. DEF. THIRD PARTY COMPL. at ¶ 18. Defendant further asserts that, if he completed the application, Robert Flanagan, Sr. provided a false Social Security number to Defendant. DEF. THIRD PARTY COMPL. at ¶ 44, 46.

Defendant's third-party complaint meets the requirements of Rule 8 and puts the parties on notice of Defendant's claims. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). Furthermore, the Court finds that Defendant has complied with Rule 9. The Court finds that Karin Flanagan and Robert M. Flanagan, Sr. are responsible third parties. If Plaintiff succeeds on his claim against Defendant that the account in question was fraudulently opened, Karin Flanagan and/or Robert M. Flanagan, Sr. could potentially be responsible third parties because one or both allegedly caused the situation to occur. Therefore, Plaintiff's motion to strike should be denied.

*Plaintiff's Motion to Sever*

On May 7, 2009, Plaintiff filed his motion to sever asking the Court to sever Defendant's

claims against  Karin Flanagan and Robert M. Flanagan, Sr.  On May 22, 2009, Defendant filed a response.

Rule 21 allows a district court to "sever any claim against a party." Fed. R. Civ. P. 21. "[S]everance under Rule 21 creates two separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir.1992) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir.1983)).  Severance is appropriate if trying claims together would confuse the jury due to legal and factual differences. *Delce v. Nat'l Passenger R.R. Corp.*, 180 F.R.D. 316, 319 (E.D. Tex.1998).

The Court finds that Plaintiff's motion should be denied at this time.  District Courts have broad discretion in granting a severance under Fed. R. Civ. P. 21.  *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983).  At this time, the Court believes it is premature to sever the case.

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that the Plaintiff's Objection to and Motion to Strike Defendant's Designation of Responsible Third Parties (Dkt. 35) and Plaintiff's Motion to Sever (Dkt. # 34) should be **DENIED**.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988).

**SIGNED this 17th day of June, 2009.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE